HAZARD *v.* O'BANNON, Collector.

*(Circuit Court, E. D. Missouri, E. D.   March 30, 1889.)*

1. TAXATION—ASSESSMENT—BOARDS OF EQUALIZATION—INJUNCTION.
     A bill to restrain a levy under a tax-bill alleged that an appeal was duly taken to the board of equalization, which was duly heard, and the valuation reduced, but that this action by the board was illegal and erroneous, and that the board proceeded without any authority of law, and without any jurisdiction, to fix the value on the premises. Rev. St. Mo. §§ 6672–6674, confers upon the board power to hear complaints, and to equalize the valuation and assessments upon property; and provides that this shall be done by raising the valuation of such property as in their opinion has been returned too low, and reducing such as has been returned too high; that they shall hear and determine all appeals made from the valuation of an assessor, in a summary way, and correct and adjust the assessment accordingly. *Held,* that the bill failed to show any such illegality in the action of the board as would authorize the court to interfere.

2. SAME.
     Rev. St. Mo. § 2722, provides that the remedy by injunction shall exist in all cases where an injury to property is threatened, and to prevent the doing of any "legal wrong," when, in the opinion of the court, an adequate remedy cannot be afforded by an action for damages. *Held* that, conceding that this section confers on the federal court the right to award an injunction

whenever the state court may do so, it does not authorize an injunction when the board of equalization has acted in good faith, and in conformity with law, as no "legal wrong" has been or will be done, though complainant's property is overvalued.

3. SAME—FEDERAL COURTS—JURISDICTION.

The fact that a writ of *certiorari* has been sued out in the state court to review the proceedings of the board of equalization, and that that proceeding is still pending, does not entitle the complainant to apply to the federal court to stay the collection of the tax until that proceeding is determined, as it is clearly within the power of complainant to apply to the state court for such relief. Nor does the general allegation that the people and officers of the county are prejudiced against complainant confer any jurisdiction on the federal court.

In Equity. On demurrer to bill. For opinion on motion for preliminary injunction, see 36 Fed. Rep. 854.

*George R. Lockwood,* for complainant.

*George D. Reynolds,* for defendant.

Before BREWER and THAYER, JJ

THAYER, J. This case is now before the court on a general demurrer to the bill of complaint. When the bill was filed a temporary injunction was granted restraining the collection of certain taxes levied on lands situated in Madison county, Mo. The reasons that induced the court to grant a temporary restraining order were fully stated at the time. 36 Fed. Rep. 854. The court was then of the opinion that the bill showed that the county assessor, either intentionally, or by a reckless and willful disregard of his duty, had placed a higher valuation on complainant's property than on other like property in the county, and that he had also valued it for the purpose of taxation much above its actual cash value, and that the assessment was for that reason fraudulent. An injunction was accordingly granted on the well-settled ground that a court of equity may restrain the collection of a tax based on a fraudulent assessment, as well as the collection of a tax that is based on a void or illegal assessment. Counsel for defendant do not now controvert either of the latter propositions. They contend, however, that while the bill shows that the assessor acted fraudulently in making the assessment, it further shows that complainant took an appeal from such assessment to the board of equalization; that the assessor's action was reviewed by that body; that the assessment was reduced to the extent of $40,000; that the bill does not contain any allegations showing that the conduct of the board was fraudulent or illegal; and for these reasons they urge that the court cannot review the action of the board or stay the collection of the tax, although the assessment on which it is based may be excessive. If the board of equalization acted in good faith, and violated no rule of law in acting on the appeal, we think it clear, as the court formerly held, that the valuation placed on the property by the board of equalization is conclusive, and that this court cannot forbid the collection of any portion of the tax on the ground of overvaluation. Cooley, Tax'n, 748, and cases cited. It is necessary, therefore, to ascertain precisely what the bill does allege with respect to the action of the board of equalization

We find, on examination, that after stating that an appeal was duly taken from the action of the assessor to the board of equalization, and that the appeal was duly heard and argued, and the valuation reduced by order of the board in the amount before stated, the bill proceeds as follows:

"But, as your orator further states, the said action of the said board of equalization was in itself illegal and erroneous, in that said board wholly ignored the appeal and evidence in the cause offered to sustain the same, and proceeded without any authority whatever in law, and without, as your orator states, any jurisdiction so to do, to fix the value of said part of survey 2,963 at the sum of $360,000, and the valuation of said pine land at the sum of 70 cents per acre; that, as your orator was advised and believes, the board of equalization had no jurisdiction or authority in the premises, except to hear and determine your orator's said appeal in a summary manner, and by their findings to sustain or refuse the same in pursuance of the law and the evidence in the case; that the action of said board of equalization was not the result of any negligence or default on the part of your orator, but, on the contrary, your orator furnished the board, by affidavits and oral testimony, the means of arriving at a true and just conclusion as to the merits of said appeal, and was present by his attorneys, and ready and willing to furnish to said board all the necessary information and evidence in his power, to aid them in arriving at a just, true, and equal valuation of any and all of his said real estate being situate in the said county of Madison."

This is the only averment that we find affecting or tending to impeach the action of the board of equalization. The idea that underlies this allegation of the bill seems to be, that the board had no power or authority, on appeal, to correct or alter the assessment as made by the assessor, or to fix the true value of complainant's property. In other words, the contention seems to be that the board should have set aside the assessment when it was found to be excessive, and should have referred the matter to the assessor for a new assessment, instead of reducing the valuation to what they deemed the proper amount; and that, because the board failed to act in the manner last indicated, its proceedings were illegal. Although the bill avers that the action of the board "was itself illegal and erroneous in that the board wholly ignored the appeal and evidence in the cause offered to sustain the same," we think it fair to assume, in view of the context, that no more is meant than that the board mistook its duty under the law, and undertook to correct the error of the assessor by reducing the valuation, whereas it only had power to set aside the assessment, and remit the case to that officer for a revaluation, or with directions, perhaps, how to proceed. If the action of the board was illegal in any other respect it is not stated; and we will not assume that its actions were illegal, unless facts are alleged showing wherein the illegality consists. Furthermore, the charge that the board "wholly ignored the evidence offered to sustain the appeal," on which some reliance seems to be placed, appears to us to be entitled to no weight, unless understood in the sense above explained. All courts, and boards exercising *quasi* judicial powers, that are empowered to hear and decide questions of fact, have the right to ignore testimony on many grounds; for example, because it is immaterial, irrelevant, or believed to be preju-

diced, or false; and when a general charge is made as in this bill that a court or board ignored testimony, without further explanation of the character of the discarded evidence, the presumption is that it was properly ignored for some of the numerous reasons that will justify such action. In the present instance, however, it is obvious that complainant's testimony was not wholly ignored, as the bill shows that the board made a large reduction in the valuation.

Now, with respect to the point that the board of equalization exercised powers not vested in it, and that its action in fixing the value of complainant's property on appeal was illegal, it will suffice to say that in our opinion the point is not tenable. We have no doubt (looking merely at the averments of the bill) that the board acted in strict conformity with the powers conferred on it by statute. Sections 6672, 6673, and the first paragraph of section 6674, Rev. St. Mo., which define the powers and duties of such boards, are as follows:'

"Sec. 6672. *Its Powers and Duties.* Said board shall have power to hear complaints, and to equalize the valuation and assessments upon all real and personal property within the county which is made taxable by law, and, having each taken an oath, to be administered by the clerk, fairly and impartially to equalize the valuation of all the taxable property in such county, shall immediately proceed to equalize the valuation and assessment of all such property, both real and personal, within their counties respectively, so that each tract of land shall be entered on the tax-book at its true value; provided, that said board shall not reduce the valuation of the real or personal property of the county below the value thereof, as fixed by said state board of equalization. Laws 1872, p. 87, § 15*f.*

"Sec. 6673. *Rules to be Observed.* The following rules shall be observed by county boards of equalization: *First,* they shall raise the valuation of all such tracts or parcels of land, and any personal property, as in their opinion have been returned below their real value, according to the rule prescribed by this act for such valuation; * * * *second,* they shall reduce the valuation of such tracts or parcels of land, or any personal property, which, in their opinion, have been returned above their true value, as compared with the average valuation of all the real and personal property of their county. Laws 1872, p. 87, § 16.

"Sec. 6674. *Appeals from Assessor's Valuation — Erroneous Assessment.* The said board shall hear and determine all appeals made from the valuation of property, made by the assessor, in a summary way, and shall correct and adjust the assessment accordingly. * * * Laws 1872, p. 88, § 17*g.*"

It is manifest, we think, from a casual reading of these sections, that boards of equalization, on the hearing of appeals from the assessor on questions of valuation, have the right to determine the true value of the property in controversy, and to order the assessment roll to be corrected, either by raising or lowering the assessor's valuation, so as to conform to the views of the board. Such has always been the practical construction of the statute, and we entertain no doubt that it is correct. That being the case, it follows, in view of what has been said, that the bill fails to show that the conduct of the board of equalization was illegal or fraudulent in any such sense as would authorize this court to interfere with the valuation it has seen fit to place on complainant's property. On questions of that sort the decisions of such boards are final so long

as they act in good faith, and in conformity with the laws regulating their action. If through an error of judgment property is valued too high, the wrong done to the tax-payer admits of no redress.

It is insisted, however, by complainant's counsel that the bill shows that complainant is entitled to equitable relief on other grounds than those heretofore considered. In the first place, it is said the bill shows that a writ of *certiorari* has been sued out of the circuit court of Madison county, Mo., to review the record of proceedings of the board of equalization; that the proceeding is still pending and undetermined in the state court; and that complainant is entitled to apply to the federal court to stay the collection of the tax, at least until the *certiorari* proceeding shall have been determined by the state court. It is obvious that if the bill is upheld on the ground last suggested it is not with a view of obtaining any independent final relief in this court, but merely for the purpose of rendering the jurisdiction of the state court effectual to redress the alleged grievance. But a bill of that character cannot be entertained by us if it is within the power of the complainant (as it clearly is in the present case) to apply to the state court for such relief. If complainant fears that the litigation now pending in the state court will prove fruitless because of action that may be taken by the collector of Madison county before such litigation is ended, he should apply for relief to that court, whose judgment is about to be rendered nugatory. This court will certainly not interfere merely to stay proceedings until the case pending in the state court is heard and determined, unless it appears that for some good and sufficient reason application cannot be made to the state court; and we do not consider the general allegation in the bill that the people and officers of Madison county are prejudiced against the complainant as any excuse for not applying to the state court for the relief now sought here. The fact that such prejudice exists does not confer any jurisdiction upon us to stay the collection of the tax until the state court has pronounced judgment. We cannot entertain jurisdiction of a proceeding, even between citizens of different states, that is merely ancillary to a suit between the parties pending in a state court, when it is manifest that the incidental or temporary relief sought may be obtained by application to the court having jurisdiction of the main cause. To warrant this court in entertaining the present bill the bill must contain some allegations entitling the court on final hearing to grant relief on independent equitable grounds, without reference to the proceedings pending in the state court.

It is finally insisted that the bill shows that the value of certain personal property of the complainant, consisting of tools and machinery, on which the taxes had already been paid, was included in the assessed value of the real estate on which such tools and machinery were located; and hence that the bill makes out a case of double assessment of certain property, against which the court can afford relief. Also that the bill shows that certain real estate which does not belong to defendant has been assessed as his property. We do not find anywhere in the bill a distinct averment that any personal property on which the tax had been

paid, was assessed a second time as real property. If such is the fact, a distinct averment to that effect should be made; and, if any relief is sought on that ground, we should be advised by proper allegations of what the property consists, what is its value, and to what extent the tax-bill is excessive on that account, as we can only stay the collection of so much of the bill as is excessive. We think the averments of the bill are insufficient to warrant any relief on the ground last suggested. At most, the complainant only avers that the value placed on certain mining lands by the assessor, is greater than the combined value of the lands and the tools and machinery located thereon, and that the tax on such tools and machinery has already been paid. This falls far short of an averment, that the assessor actually valued personal property as realty after it had been taxed as personalty.

With respect to the contention that property which did not belong to the complainant was assessed to him as his property, we think it only necessary to quote the following paragraph of the bill, upon which such contention seems to be based, to-wit:

"That the assessor did proceed illegally to assess the lands of your orator in the county of Madison, commonly known as 'pine lands,' * * * in that 800 acres of said land so assessed to your orator were not the lands of your orator, nor was he in anywise liable for said assessment. That the acreage of land actually owned by your orator as fixed by said assessor is 507 acres in excess of the true acreage; that is to say, that said assessor did wholly fail to assess lands to your orator owned by your orator in said township containing 748 acres, as will more fully and particularly appear by the tabulated statement hereto attached."

This allegation is so contradictory that we are unable to determine what the pleader intended to aver, and the meaning is not made apparent by any other averment, nor is there any tabulated statement annexed to the complaint such as is referred to. For these reasons the paragraph last quoted clearly does not entitle the complainant to any relief.

It was also contended on the argument (as we understood counsel for complainant, that, inasmuch as the bill alleges that complainant's property was overvalued for the purposes of taxation, both when considered by itself and in comparison with other like property in the county, an injunction may properly be awarded on final hearing to restrain the collection of that part of the tax which is excessive, by virtue of section 2722, Rev. St. Mo., which provides that "the remedy by writ of injunction * * * shall exist in all cases where an injury to real or personal property is threatened, and to prevent the doing of any legal wrong whatever, whenever, in the opinion of the court, an adequate remedy cannot be afforded by an action for damages." The obvious answer to this contention (conceding that the section quoted confers on the federal court the right to award an injunction whenever a state court might do so) is that the bill does not disclose that any "legal wrong" has been done to complainant, unless it appears that the board of equalization acted illegally or fraudulently in the matter of assessing his prop-

erty. If the board acted in good faith, and in conformity with law, no legal wrong was done or will be done, even though complainant's property was overvalued. Therefore the section of the state statute last referred to does not aid the case made by the bill. Under the circumstances, and for the reasons heretofore given, we conclude that the bill does not show that the complainant can have any relief in this court. We accordingly sustain the demurrer.

Judge BREWER concurs in the decision.